IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL KRAMM                                                                                    PLAINTIFF

V.                                                                                        NO. 4:08CV104-P-D

ALFONZO RICKS, JR.                                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This matter came on for an evidentiary hearing before the undersigned on July 27, 2009. After hearing uncontradicted testimony from the Plaintiff and reviewing the pleadings along with exhibits, the court makes the following report and recommendation.

## FACTUAL FINDINGS AND ANALYSIS

The Plaintiff is and at the relevant time was an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"). In his complaint, the Plaintiff states a claim for a violation of his right to due process arising from the issuance of a rule violation report ("RVR"). On April 22, 2008, the Plaintiff was randomly selected for drug testing. He was ordered to give a urine sample but was unable to provide a specimen within four hours. He was issued RVR number 854265 for "refusing to give a urine sample" in violation of MDOC inmate policy which prohibits the possession of drugs. The RVR specifically noted that the Plaintiff "was unable to provide a urine specimen" but his failure resulted in the assumption that drugs were present in his system. The Plaintiff explained to the officer administering the drug test that he had an undiagnosed medical condition which prevented him from providing a urine sample on command. The Plaintiff claims that he offered to give a blood sample or allow medical personnel to use a catheter to retrieve a sample but the officer declined. The next day, the Plaintiff alleges that he provided a urine sample to Nurse Wade Henson. According to the Plaintiff, the sample tested negative for the presence of drugs.

Approximately four days later a disciplinary hearing was held for the RVR. Defendant Alfonzo Ricks was the hearing officer. The Plaintiff argues that the hearing was inadequate because

he was inexplicably not allowed to call Nurse Wade Henson in his defense. Further, Nurse Henson told the Plaintiff that he had provided a statement regarding the subsequent urine sample and the results. Neither Nurse Henson's statement nor the test results were submitted during the disciplinary hearing. With testimony from only the Plaintiff, Defendant Ricks found him guilty of possession of drugs based on the failure to provide a urine sample. As a result of being found guilty, the Plaintiff was sent to a behavior modification program at the Mississippi State Penitentiary for 90 days where he was required to work in the fields.

The Plaintiff submitted his grievance through MDOC's administrative remedy program without any relief. He then filed this civil action pursuant to 42 U.S.C. § 1983 on August 1, 2008 requesting that the RVR be expunged from his inmate file and seeking monetary damages. The Plaintiff was afforded the opportunity to clarify and specifically state his claims at a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Following the hearing, the undersigned recommended the dismissal of all Defendants except for Alfonzo Ricks for whom process was issued. On June 4, 2009, default judgment was entered against Defendant Ricks for his failure to appear or otherwise answer the allegations of the complaint. The evidentiary hearing was held to determine the amount of damages, if any, to which the Plaintiff was entitled.

## DUE PROCESS

A prison disciplinary hearing is not part of criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Id.* at 564-66. Prison officials, however, are not required to state their reasons for refusing to call a witness. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979). The right to call witnesses at a disciplinary hearing is not absolute. The disciplinary hearing

officer may refuse to allow a witness to testify if that testimony would be irrelevant, unnecessary, or hazardous to institutional safety and correctional goals. *Id. at* 566-70.

The Plaintiff complains that the hearing was procedurally inadequate because he was denied the opportunity to call Nurse Henson as a witness. The Plaintiff claims that Defendant Ricks did not give a reason for refusing to call Nurse Henson. Indeed, it is difficult to comprehend how a nurse who is employed at the penal facility could be considered a threat to institutional safety. Nurse Henson's testimony could arguably be considered irrelevant or unnecessary to the determination of guilt or innocence since it is undisputed that the Plaintiff did actually fail to provide a urine sample. Given Defendant Ricks' failure to appear, no such argument has been asserted leaving the court to engage in needless speculation.

In light of the uncontradicted facts before the court, however, the Plaintiff has established a violation of his right due process based on the Defendant's refusal to allow the Plaintiff to adequately defend against the charges. The court finds that the constitutional violation is worthy of not more than $250.00 in compensatory damages. The court also finds that RVR number 854265 should be expunged from the Plaintiff's inmate file.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to

the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of July, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE